Dear Mr. Langlinais:
This office is in receipt of your request for an Attorney General's opinion based on the following factual information which you presented in your letter of May 6, 2004: A privately-owned water system is currently operating in Iberia Parish, Louisiana. In connection with the possibility of the parish government obtaining that water system, you have posed two questions. Those questions, and the Attorney General's response to those questions, are as follows:
Does the Parish of Iberia have the authority to acquire by expropriationa private water system operating in Iberia Parish?
The Louisiana Constitution of 1974, at Article 1, Section 4(B), deals specifically with the expropriation of private property by public bodies, and states that:
 (B) Property shall not be taken or damaged by the state or its political subdivisions except for public purposes and with just compensation paid to the owner or into court for his benefit. Property shall not be taken or damaged by any private entity authorized by law to expropriate, except for a public and necessary purpose and with just compensation paid to the owner; in such proceedings, whether the purpose is public and necessary shall be a judicial question. In every expropriation, a party has the right to trial by jury to determine compensation, and the owner shall be compensated to the full extent of his loss. No business enterprise or any of its assets shall be taken for the purpose of operating that enterprise or halting competition with a government enterprise.
However, a municipality may expropriate a utility within its jurisdiction. [Emphasis supplied].
Article 1, Section 4(B) does not prevent a parish governing authority from expropriating private property, such as private land needed for roads, servitudes, building sites, and the like. That legal authority is granted to parishes and municipalities in La.-R.S. 33:4621. However, while allowing expropriation of such property, Article 1, Section 4(B) explicitly prohibits the expropriation by a political subdivision of a business enterprise, such as a privately-owned and operated water service company, for the purpose of operating that enterprise or for halting competition with a government.
Article 1, Section 4(B) does authorize a municipality to expropriate a utility within its jurisdiction, but that authority does not extend to a parish government or to any other political subdivision.
The Parish of Iberia cannot acquire by expropriation a private water system operating in Iberia Parish.
Does a waterworks district in the Parish of Iberia have the authority toacquire by expropriation a private water system operating in IberiaParish?
Generally, the authority and powers of waterworks districts are specified in La.R.S. 33:3815. Prior to its amendment in 1991, the original statute provided, in pertinent part, that,
 The waterworks district may expropriate property for any purpose that it may find necessary in the operation of its waterworks system, and may acquire by donation, purchase, or expropriation any existing waterworks system in the district." [Emphasis supplied].
In the 1991 Regular Session, R.S. 33:3815 was amended by Act No. 386 to delete the phrase "or expropriation" from the above language. The current version of R.S. 33:3815(A) now reads, in pertinent part, as follows:
 The waterworks district may expropriate property for any purpose that it may find necessary in the operation of its waterworks system, and may acquire by donation or purchase any existing waterworks system in the district." [Emphasis supplied].
The purpose and effect of the 1991 amendment was to remove the authority of a waterworks district to expropriate any existing waterworks district by expropriation, as confirmed by the Digest to Act No. 386, which states that: "Proposed law deletes the authority to expropriate any existing waterworks system in the district." The 1991 amendment also brought R.S. 33:3815 into compliance with the prohibition contained inLa.-Const. Article I, Section 4, prohibiting the expropriation of a business enterprise for the purpose of operating that enterprise or halting competition.
There is one exception to the amended R.S. 33:3815. Under a special statute, R.S. 38:3815.1, the Lafourche Water District may acquire an existing water system in the district by expropriation; however, that exception applies only to Lafourche Parish, and no other.
A waterworks district in Iberia Parish cannot obtain by expropriation a private water system operating in Iberia Parish.
If we may be of further assistance, please do not hesitate to contact the undersigned.
Very truly yours,
 CHARLES C. FOTI ATTORNEY GENERAL
 By: ___________________________ TERRY F. HESSICK Assistant Attorney General
CCF/TFH;mjb